**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 27 2017

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**ZAKKERY CROCKER and BRANDON**                                    **PLAINTIFFS**
**WOMACK, Individually and on**
**Behalf of All Others Similarly Situated**

vs.                                 No. 3:17-cv-_191 - DPM_

**CITY OF LEACHVILLE, ARKANSAS**                                   **DEFENDANT**

This case assigned to District Judge _Marshall_
and to Magistrate Judge _Volpe_

**ORIGINAL COMPLAINT—COLLECTIVE ACTION**

COME NOW Plaintiffs Zakkery Crocker and Brandon Womack, individually and on behalf of all others similarly situated, by and through their attorneys Stacy Gibson and Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action against Defendant City of Leachville, Arkansas ("Defendant"), they do hereby state and allege as follows:

## I.   PRELIMINARY STATEMENTS

1.   This is an action brought by Plaintiffs Zakkery Crocker and Brandon Womack, individually and on behalf of all others similarly situated ("Plaintiffs"), against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2.   Plaintiffs, individually and on behalf of all others similarly situated, seek declaratory judgment; monetary damages; liquidated damages; prejudgment interest; costs; and a reasonable attorney's fee, as a result of Defendant's policy and practice of

failing to pay Plaintiffs and other similarly situated individuals proper overtime compensation under the FLSA and under the AMWA within the applicable statutory limitations period.

## II.   JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Plaintiffs' claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint. Therefore, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. A substantial part of the acts complained of herein were committed and had their principal effect against Plaintiffs, within the Jonesboro Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.   THE PARTIES

6. Plaintiff Zakkery Crocker is an individual and resident of Mississippi County.

7. Plaintiff Brandon Womack is an individual and resident of Mississippi County.

8. At all times material herein, Plaintiffs have been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

9. As employees of Defendant, Plaintiffs were employees of a public agency employed in law enforcement activities, and therefore entitled to the protections of the FLSA pursuant to 29 U.S.C. § 213(b)(20).

10. At all times material herein, Plaintiffs have been misclassified by Defendant as exempt from the overtime requirements of the FLSA and the AMWA.

11. Defendant is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiffs' employer.

12. Defendant is an employer subject to the FLSA as a public agency pursuant to 29 U.S.C. § 203.

13. Defendant participated in the management of Plaintiffs' work, including setting and enforcing the amount of hours worked and the amount and manner of compensation paid.

14. Defendant dictated, controlled and ratified, both implicitly and explicitly, the wage and hour practices and all related employee compensation policies that are at issue in this case.

15. Defendant City of Leachville, Arkansas, operates the City of Leachville Police Department where Plaintiffs were employed within the three (3) years prior to the filing of this Complaint as law enforcement officers.

16. Defendant can be served through Mayor Lisa Baldridge, 116 South Main Street, Leachville, Arkansas 72438.

17. At all relevant times, Defendant employed five or more employees in law enforcement activities pursuant to 29 U.S.C. § 213(b)(20).

## IV. FACTUAL ALLEGATIONS

18. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

19. At all times relevant to the allegations in this Complaint, Plaintiffs were salaried employees of the Leachville Police Department located in Leachville, Arkansas.

20. At all times material herein, Plaintiffs were employed by Defendant as law enforcement officers.

21. Plaintiff Zakkery Crocker was employed by Defendant from approximately April 18, 2016, to June 2, 2017, as a Sheriff's Deputy and Certified K-9 Handler.

22. Plaintiff Brandon Womack was employed by Defendant from approximately October of 2016 to June 29, 2017, as a Lieutenant.

23. Defendant did not establish a work period for the police department pursuant to the FLSA.

24. Plaintiffs were routinely required to work in excess of forty hours per week and were not allowed to report all hours worked, including overtime.

25. Plaintiffs were specifically instructed not to report their hours worked, including overtime, and instead were told to write "salary" on a timesheet to submit for weekly payment.

26. Defendant knew about Plaintiffs' working in excess of forty hours per week and required them to do so.

27. Defendant did not pay Plaintiffs any overtime compensation because Defendant misclassified Plaintiffs as salaried employees exempt from the requirements of the FLSA.

28. Defendant did not provide Plaintiffs with compensatory time off for hours worked over forty each week.

29. Plaintiffs spent the majority of their workdays patrolling the city, writing traffic citations, and completing paperwork relating to incidents they responded to.

30. During the course of their employment, Plaintiffs did not manage the enterprise or a customarily recognized subdivision of the enterprise.

31. Plaintiffs did not select any employees for hire nor did they provide any formal training for any employees.

32. Plaintiffs had no ability to hire and fire any employee.

33. Plaintiffs did not have any control of or authority over any employee's rate of pay or working hours.

34. Plaintiffs did not maintain or prepare production reports or sales records for use in supervision or control of the business.

35. Plaintiffs did not have any responsibility for planning or controlling budgets.

36. Plaintiffs were explicitly directed by Defendant to not report their hours worked because it was Defendant's policy not to pay Plaintiffs overtime.

37. Plaintiffs' actual day-to-day job duties and responsibilities were not exempt under the FLSA with respect to payment for time worked in excess of forty (40) hours each week.

38. Plaintiffs' primary duties were policing, not managing other police officers.

39. Plaintiffs regularly worked in excess of forty hours in a week and did not receive any overtime compensation.

40. Although Plaintiffs had assigned shifts, Plaintiffs were frequently on call and had to address emergencies, which resulted in working many additional hours over the scheduled shifts. This work frequently included evenings, holidays and weekends.

41. During this on-call time, Plaintiffs' actions were severely restricted and they were expected to respond immediately to any request of Defendant.

42. Plaintiff Zakkery Crocker had to spend additional hours each week training, feeding and grooming his canine, but he was not compensated in any way for this time.

43. Courts have consistently held that feeding, grooming and walking are indispensable parts of maintaining dogs as law enforcement tools, that such activities are closely related to the duties of a canine officer, and that therefore, they are time spent working. *Levering v. District of Columbia*, 869 F.Supp. 24, 27 (D.D.C.1994) ("[F]eeding, exercising, and caring for the dogs by officers assigned to the canine detachment constitutes an 'integral and indispensable part' of the officers' work activities, and, as such, time spent on those activities is compensable under the Fair Labor Standards Act."); *Truslow v. Spotsylvania County Sheriff*, 783 F.Supp. 274, 277, 279 (E.D.Va.1992) (same).

44. Upon information and belief, for at least three (3) years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra*.

### V. REPRESENTATIVE ACTION ALLEGATIONS

45. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

46. Plaintiffs brings their claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

47. Plaintiffs bring their FLSA claims on behalf of all law enforcement officers employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as exempt from the overtime requirements of the FLSA and are entitled to payment of the following types of damages:

    a. Payment for all hours worked, including overtime premiums for all hours worked for Defendant in excess of forty (40) hours in a workweek; and

    b. Liquidated damages and attorneys' fees and costs.

48. In conformity with the requirements of FLSA Section 16(b), Plaintiffs have attached hereto as Exhibit "A" and Exhibit "B" written Consents to Join this lawsuit.

49. The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

50. The members of the proposed FLSA Class are similarly situated in that they share these traits:

    a. They were classified by Defendants as exempt from the overtime requirements of the FLSA;

    b. They were paid a salary;

    c. They recorded their time in the same manner; and

    d. They were subject to Defendant's common policy of denying overtime pay for all hours worked over forty (40) per work week.

51. Plaintiffs are unable to state the exact number of the potential members of the FLSA Class but believe that the class exceeds fourteen (14) persons.

52. Defendant can readily identify the members of the Section 16(b) class. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claim.

## VI. FIRST CAUSE OF ACTION

### (Individual Claims for Violations of the FLSA)

53. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

54. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

55. At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

56. Despite the entitlement of Plaintiffs to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiffs an overtime rate of one and one-half times their regular rate of pay for all overtime hours worked. Defendant's failure to pay Plaintiffs all overtime wages owed was willful.

57. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable

attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VII. SECOND CAUSE OF ACTION

### (Individual Claims for Violations of the AMWA)

58. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

59. Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq*.

60. At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

61. Despite the entitlement of Plaintiffs to minimum wage and overtime payments under the AMWA, Defendant failed to pay Plaintiffs for all hours worked including overtime.

62. Defendant willfully failed to pay overtime wages to Plaintiffs.

63. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint pursuant to Arkansas Code Annotated § 11-4-218.

## VIII. THIRD CAUSE OF ACTION

### (Collective Action Claim for Violation of the FLSA)

64. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

65. Plaintiffs, individually and on behalf of all others similarly situated, assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

66. At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiffs and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

67. Defendant misclassified Plaintiffs and all others similarly situated as exempt from the overtime requirements of the FLSA, when in fact they were non-exempt employees entitled to overtime pay.

68. Despite the entitlement of Plaintiffs and those similarly situated to overtime payments under the FLSA, Defendant failed to pay Plaintiffs and all those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

69. Defendant willfully failed to pay overtime wages to Plaintiffs and to others similarly situated.

70. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

### IX.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Zakkery Crocker and Brandon Womack respectfully pray as follows:

A. That Defendant be summoned to appear and answer this Complaint;

B. For orders regarding certification of and notice to the proposed collective action members;

C. A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

D. A declaratory judgment that Defendants' practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

E. Judgment for damages for all unpaid overtime wage compensation owed to Plaintiffs and the proposed class members under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

F. Judgment for damages for all unpaid overtime wage compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

G. Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and the proposed class members during the applicable statutory period;

H. Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations;

I. For a reasonable attorneys' fee, costs, and pre-judgment interest; and

J. Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**ZAKKERY CROCKER and BRANDON WOMACK, Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By: _/s/ Stacy Gibson_
Stacy Gibson
Ark. Bar No. 2014171
stacy@sanfordlawfirm.com

and _/s/ Josh Sanford_
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**ZAKKERY CROCKER and BRANDON**     **PLAINTIFFS**
**WOMACK, Individually and on**
**Behalf of All Others Similarly Situated**


vs.                    No. 3:17-cv-_____


**CITY OF LEACHVILLE, ARKANSAS**     **DEFENDANT**


### CONSENT TO JOIN COLLECTIVE ACTION

    I was employed as a salaried law enforcement officer for Defendant City of Leachville, Arkansas ("Defendant"), on or after July 27, 2014. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid overtime compensation. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.
    I declare under penalty of perjury that the foregoing is true and correct.

Signature: _____
ZAKKERY CROCKER

Date: July 27, 2017


*/s/ Josh Sanford*
**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040
josh@sanfordlawfirm.com

PLAINTIFF'S EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**ZAKKERY CROCKER and BRANDON**                                    **PLAINTIFFS**
**WOMACK, Individually and on**
**Behalf of All Others Similarly Situated**

vs.                               No. 3:17-cv-_____

**CITY OF LEACHVILLE, ARKANSAS**                                   **DEFENDANT**

### CONSENT TO JOIN COLLECTIVE ACTION

I was employed as a salaried law enforcement officer for Defendant City of Leachville, Arkansas ("Defendant"), on or after July 27, 2014. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid overtime compensation. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Signature: _____
BRANDON WOMACK

Date: July 27, 2017

*/s/ Josh Sanford*
Josh Sanford, Esq.
SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040
josh@sanfordlawfirm.com

PLAINTIFF'S EXHIBIT B