# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

ZAKKERY CROCKER and BRANDON
WOMACK, Individually and on Behalf
of All Others Similarly Situated                                               PLAINTIFFS

v.                              No. 3:17-cv-191-DPM

CITY OF LEACHVILLE, ARKANSAS                                          DEFENDANT

## ORDER

**Background.** Crocker and Womack have renewed their motion for conditional certification of a collective action under the Fair Labor Standards Act, for disclosure of contact information for potential opt-in plaintiffs, and for approval of related notices. They allege that their former employer, the City of Leachville, didn't pay its law enforcement officers overtime. Leachville denies this. It says certification is improper because the facts vary too much between different types of officers and, therefore, Crocker and Womack aren't similarly situated to all potential group members. The City also urges a stricter standard for determining whether Crocker and Womack are similarly situated because the parties have already completed some discovery.

**Certification.** Crocker and Womack have made the factual showing that an affected group exists. *In re Pilgrim's Pride Fair Labor Standards Act Litigation*, 2008 WL 4877239, at *3 (W.D. Ark.

13 March 2008). Here, the additional discovery helps their case. Although different law enforcement officers may have had different duties, as the Court previously noted, № 20 at 1, it's now clear that all of Leachville's salaried law enforcement officers—other than the chief—were subject to the same pay policy. That's sufficient commonality to conditionally certify a group, even under a heightened standard of proof. The Court conditionally certifies this FLSA group:

> All salaried law enforcement officers below the rank of chief employed by Leachville at any time since 17 July 2014.

**Notices.** The Court approves the original proposed notice and consent forms, № 12-1, 12-2, 12-4 & 12-5, with some tweaks. Update the group definition to reflect the group conditionally certified in this Order. Please replace "class" with "group" to avoid confusion with FED. R. CIV. P. 23 issues. Notice via mail, e-mail, and text message is fine. There's no need for follow-up postcards or posted notices. The Court is confident that, if folks want to join the lawsuit, then they'll know how.

**Timing.** The parties have a settlement conference with Magistrate Judge Volpe set for 19 September 2018. They'll need some time to shift gears after that. The City must give Crocker and Womack's counsel (in electronic spreadsheet format) a list of names of possible group members by 28 September 2018. The list should include each person's name and, if known, home address and telephone number. Crocker

and Womack must not initiate contact with prospective group members by telephone except in the approved texts. The opt-in period will close on 31 December 2018.

*   *   *

Motion, № 25, granted as modified.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

20 August 2018